**MCBRIDE COTTON AND CATTLE CORPORATION, an Arizona corporation; Running Water Land & Cattle, Inc., a Texas corporation; Thompson Farm, a Texas General Partnership; C.J. Land & Cattle, L.P., a Nebraska Limited Partnership; Brandstatt Family Trust, a Texas Trust; Square B Inc., a Texas Corporation; GRH Land & Cattle Co., a Texas corporation, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,**

v.

**Ann M. VENEMAN, Secretary of the United States Department of Agriculture, Defendant–Appellee.**

No. 03–16697.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 26, 2004.

Merinda Kathryn Condra, Esq., Gary D. Condra, Esq., Condra & Condra, Lubbock, TX, Plaintiffs–Appellants.

Sushma Soni, Esq., U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

## ORDER [*]

The appellants, McBride Cotton and Cattle Corp., et al. (collectively "McBride"), challenge summary judgment in favor of the appellee, the Secretary of Agriculture ("the Secretary"), on McBride's administrative and constitutional claims. The Secretary now questions whether this Court has subject matter jurisdiction over these claims, suggesting we should transfer the action under 28 U.S.C. § 1631. A party may raise challenges to jurisdiction at any time during the proceedings. *May Dep't Store v. Graphic Process Co.,* 637 F.2d 1211, 1216 (9th Cir. 1980).

The Administrative Procedure Act (APA) may waive sovereign immunity for challenges to agency actions in district court. *See* 5 U.S.C. § 702. However, section 704 of the APA "excludes from the APA's sovereign immunity waiver those claims for which adequate remedies are elsewhere available." *Consol. Edison Co. v. U.S. Dep't of Energy,* 247 F.3d 1378, 1383 (Fed.Cir.2001) (citing 5 U.S.C. § 704).

McBride claims that payments due to them under various agricultural program contracts were wrongfully reduced

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

through unauthorized administrative off-sets, that the unauthorized practice must cease, and that they have the right to receive refunds. These claims are not expressed as claims for money damages, but we conclude that adequate relief exists in the Court of Federal Claims and that APA jurisdiction is not available. In the event of success, McBride Cotton could receive a refund of all unauthorized offsets and the Secretary would be prohibited from offsetting further payments under the principle of res judicata. *See, e.g., Consol. Edison Co.,* 247 F.3d. at 1384–85. We therefore order that this case be transferred to the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1631.

Each party shall bear its own costs in this Court. The mandate shall issue forthwith.

IT IS SO ORDERED.